### BUTLER v. BIGGS.  (No. 10641.)

(Court of Civil Appeals of Texas. Ft. Worth. June 23, 1923. Rehearing Denied Oct. 3, 1923.)

Injunction ⬅️136(2)—Temporarily restraining interference with plaintiff's undisputed possession of alley under claim of ownership by limitation not abuse of discretion.

Where plaintiff had been in undisputed possession of an alley for a number of years under claim of title thereto and the evidence as to title by limitation was conflicting, there was no abuse of discretion in temporarily restraining defendant from interfering therewith and forcibly dispossessing plaintiff without resort to the courts.

Appeal from District Court, Shackelford County; W. R. Ely, Judge.

Suit by W. R. Biggs against G. C. Butler. From an order overruling motion to dissolve temporary injunction, defendant appeals. Affirmed.

J. L. Goggans, of Dallas, for appellant.

A. A. Clarke, of Albany, and Cunningham & Oliver, of Abilene, for appellee.

DUNKLIN, J. G. C. Butler has appealed from an order overruling his motion to dissolve a temporary writ of injunction theretofore granted restraining him from interfering with or disturbing the possession of W. R. Biggs of a strip of land in the town of Albany, appearing on the map of said town as a public alley, about 20 feet in width.

The suit was instituted by Biggs against Butler, and it was alleged in the petition that plaintiff and those under whom he claimed title had been in peaceable and adverse possession of the strip of land in controversy, having the same inclosed by fence, under a claim of title, and occupying and using the same for homestead purposes for more than 30 years, and that the defendant wrongfully went upon the premises and without plaintiff's consent tore down plaintiff's fence, which inclosed the land, and cut down shade trees which plaintiff had planted thereon. The record shows that plaintiff holds a record title to a lot adjoining the alley on one side, and that the defendant holds the record title to the lot adjoining the alley on the other side. The record also shows that upon the hearing of the defendant's motion to dissolve the injunction, evidence was introduced tending to support plaintiff's claim of title by limitation, in that it showed that he and those under whom he claimed had been in peaceable possession of the land for many years under a claim of ownership; that the same had been inclosed with his adjoining lot upon which he maintained his homestead; and that he had beautified it by planting and growing shade trees thereon. The evidence further shows that about the time the suit was instituted the defendant desired to erect improvements on his lot, and for the purpose of easy access thereto in order to accomplish that result, he, without the knowledge or consent of plaintiff, tore down plaintiff's fence, and cut down some of the shade trees. Suit was then instituted by Biggs and the injunction mentioned above was issued. Thereafter, plaintiff restored his fence to its original position, and the effect of the in-

junction, which is still in force, is to restrain the defendant from further interference with plaintiff's possession until the suit can be tried upon its merits. In other words, as the matter now stands, the status of the parties is the same as if the injunction had been issued before the defendant, without plaintiff's knowledge or consent, tore down his fence and forcibly dispossessed plaintiff of the property in controversy.

By the pleadings of both parties, and by testimony introduced upon the hearing, the issue was made as to whether or not plaintiff had acquired title by limitation to the property in controversy, and in appellant's brief it is earnestly insisted that plaintiff failed to establish such title. In other words, we are called upon here to pass upon the merits of that controversy, upon which the testimony was conflicting. The writ granted was only temporary, and it was stated by counsel upon the hearing before this court that the case will be tried upon its merits at an early date.

We are unable to say from the record that the court abused his discretion in granting the writ of injunction, or that he erred in refusing to dissolve it. Indeed, we are of the opinion that the injunction was properly granted. It was shown without controversy as stated above, that plaintiff, and those under whom he claimed, had been in continuous, peaceable, and open possession of the property for a number of years, under a claim of title thereto, and certainly the defendant cannot be heard to say that he had the right to take the law in his own hands and forcibly dispossess the plaintiff, without resorting to the courts that have been organized and established for the purpose of determining disputed rights of property. To countenance such a procedure would tend to encourage lawlessness.

In Sinclair v. Stanley, 64 Tex. 67, the following was said:

"To say that in this state of case the appellants, although representing the true owner, * * * could forcibly eject the appellee from the premises, destroying [his property], his house and other property found in it, is to assert a proposition which, we think, has no foundation in law. It is to dispense with actions for trying the title or right to possession of land. It is, as Mr. Cooley says, to make a man judge in his own cause with the right to confirm his judgment; to allow him to employ force against a peaceable party; to invite a breach of the peace and a public disturbance instead of a legal settlement of disputed titles."

And in the opinion on the second appeal of the same case, reported in 69 Tex. 727, 7 S. W. 518, the court said:

"Adequate provision has been made in our laws for the recovery of possession of property which has been forcibly taken or forcibly detained, and as said in Warren v. Kelley, 17 Tex. 551, if one holding title to land was permitted, by himself, or his agent, with force and arms, to dispossess one in peaceable possession, the consequences would be breaches of the peace, oppression and bloodshed, and trial by the use of the bowie knife and revolver would be resorted to instead of the quiet and peaceable remedy afforded by the due course of law in the judicial tribunals of the country."

See, also, Crawford v. Thomason, 53 Tex. Civ. App. 561, 117 S. W. 181, writ of error denied by the Supreme Court, 118 S. W. xv.

Accordingly, the judgment from which this appeal was prosecuted will be affirmed, without any attempt now to determine the merits of the controversy, which will be tried by the district court in due course.